# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-257-RLW |
| | ) | |
| ST. LOUIS CITY JAILS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. For the reasons explained below, this case will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff initiated this case on March 1, 2021, and filed a motion for leave to proceed *in forma pauperis*. In the complaint and motion, he averred he was incarcerated at the St. Louis City Justice Center. In the motion, he averred he was eligible for leave to proceed *in forma pauperis* based upon the amount of money in his inmate trust account, and the monthly deposits to that account from his "prison job." He did not provide a certified copy of his institution trust account statement, as required by 28 U.S.C. § 1915(a)(2), and this Court directed him to do so. However, that order, along with other documents the Court sent plaintiff, were subsequently returned as undeliverable. Information obtained from the Missouri Department of Corrections' online services indicated that plaintiff was no longer incarcerated, and the March 8, 2021 order and the other documents were mailed to plaintiff at his new address.

On June 3, 2021, this Court denied plaintiff's motion for leave to proceed *in forma pauperis*, and directed him to either pay the civil filing fee, or file an Application to Proceed in District Court Without Prepaying Fees or Costs that contained information about his current

finances. In that order, the Court clearly explained what was expected, and cautioned plaintiff that his failure to timely comply could result in the dismissal of his case without further notice.

Plaintiff's response was due to the Court on June 17, 2021. To date, however, he has neither responded to the Court's order, nor sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's June 3, 2021 order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (ECF No. 4) is **DENIED** as moot.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of July, 2021.